Mr. Colton: Well, I will stand for them.

## SUPERIOR COURT OF BALTIMORE CITY.

Filed June 3, 1914.

EDITH A. BEZIST
VS.
UNITED RAILWAYS AND ELECTRIC COMPANY.

*Wells and McCormick* for plaintiff.

*Lee S. Meyer* and *Edwin H. Brownley* for defendant.

BOND, J.—

The testimony produced by the plaintiff shows only a blow on the back, to one side of the center, from the too sudden starting of a car. There were no fractures, no dislocations, nothing but a bruise, to be found on examination. Yet, long afterwards, the plaintiff has appeared in Court as a helpless invalid, in a rolling chair, and has testified that this condition, together with great sufferings in the meantime, followed upon the blow.

It is hardly infringing upon the province of the jury to say here that the plaintiff appears to be a neurotic of a pronounced type. Traumatic neurasthenia may, of course, be a result of injury for which damages may be recovered if there is a cause of action.

But I think there must be evidence much more clearly showing connection between the accident and the physical and nervous conditions testified to by the plaintiff before she can be awarded heavy damages on the assumption that the one caused the other. There is no evidence here of any structural or organic changes in the central nervous system; none of any effect upon the brain or the spinal cord. The jury were left to assume, for the most part, that this severe traumatic neurasthenia, or whatever the proper description of the plaintiff's condition may be, resulted from a superficial injury on the back. They seem to have done so, and this was, in my opinion, without sufficient foundation. The only way of correcting the impropriety, in our practice, is by coming behind the jury, and granting a new trial; and this will be done.

I think the conclusion that a new trial should be granted is aided by consideration of the improper statements of plaintiff's counsel to the jury of facts not supported by evidence, more particularly of the statement that the defendant had had an examination made of the plaintiff but withheld the result because it confirmed the plaintiff's testimony. That statement may possibly have been true, but it was not based upon any evidence, and was improper. The restriction of the argument and remarks of counsel to the evidence can hardly be too strictly insisted upon, I think.